**PARSONS, etc. v. HERZOG et al.**

**Civ. A. No. 391–49.**

United States District Court
District of Columbia.

June 7, 1949.

Leonard E. Ackerman, Washington, D. C., and Henry Mayer, New York City, on behalf of plaintiff.

A. Norman Somers and Norton J. Come, Washington, D. C., on behalf of defendants.

TAMM, District Judge.

The action before the Court at this time is a motion on behalf of the defendants, the members and general counsel of the National Labor Relations Board, to dismiss the complaint of the plaintiff, as President of the United Telephone Organizations, on the ground that the Court is without jurisdiction of the subject matter, and secondly, that the complaint fails to state a claim upon which equitable relief could be granted.

The substantive case discloses, according to the plaintiff's complaint, that it is brought for the purpose of having the Court review the action of the defendants in failing and refusing to hear and determine a dispute arising out of a charge of an unfair labor practice within the meaning of Section 8, Paragraph b, Sub-section 4, Sub-paragraph D of the National Labor Relations Act, 29 U.S.C.A. § 158(b) (4) (D), as provided for by Section 10(k) of the National Labor Relations Act, 29 U.S. C.A. § 160(k); and further for the purpose of ordering said defendants to hear and determine this dispute in accordance with and pursuant to Section 10(k) of the National Labor Relations Act.

There is no question but that charges originally preferred by the plaintiff, or by the United Telephone Organizations, alleged a violation in the nature of an unfair labor practice.

The problem before the Court consequently is to pass upon the question of whether in the Court's opinion the National Labor Relations Board is required to afford to the plaintiffs, or other persons making a similar complaint of unfair labor practice, a hearing.

The section of the law involved, properly cited, is sub-section k of Section 160 of Title 29 U.S.C.A., reading as follows:

"Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4) (D) of section 8(b), the Board is empowered and directed to hear and determine the dispute out of which such unfair labor practice shall have arisen, unless, within ten days after notice that such charge has been filed, the parties to such dispute submit to the Board satisfactory evidence that they have adjusted, or agreed upon methods for the voluntary adjustment of the dispute."

The Court cannot subscribe to the defendants' position that the volume of cases which might arise under the statute, if it were construed in a certain light, would be such a prohibitive number as to influence the Court's ruling on the law. The Court must interpret the law as it is written, whether 3600 cases arise or 36,000 cases

20

arise. In other words, the number of cases which may or may not arise is not a factor which will influence the Court in its judgment.

The Court, likewise, can attribute no import to the fact, as defendant contends, that the plaintiff has another remedy that Congress has provided, and additional or other means by which plaintiff could proceed against the union which he charges with unfair labor practice, does not per se bar his action in this case.

I have reviewed the various cases cited by counsel on both sides, and I am unable to find any justification for the conduct of the National Labor Relations Board in ignoring what the Court considers to be a mandatory provision of the law, in refusing in this case to afford to the plaintiff a hearing upon the charges preferred by the plaintiff.

The Court construes the phraseology of sub-section k of Section 160, of Title 29 U.S.C.A., which provides "the Board is empowered and directed", particularly the word "directed," to require the National Labor Relations Board to afford a hearing to persons making charges in cases of this kind.

The Court, accordingly, denies the defendants' motion for dismissal.